787 F.2d 591
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
KATHARINA LEFFLER, Plaintiff-Appellant,
v.
UNITED FOOD & COMMERCIAL WORKERS UNION, LOCAL 880, Defendant-Appellee.
 85-3111
 United States Court of Appeals, Sixth Circuit.
 3/20/86
 
 AFFIRMED
 N.D.Ohio
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO
 Before: ENGEL, KENNEDY and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Katharina Leffler sued her union,defendant-appellee United Food and Commercial Workers Union, Local 880, under Sec. 301 of the Labor Management Relations Act, alleging the union breached its duty to her of fair representation. Ms. Leffler now appeals the District Court's grant of summary judgment for defendant on the ground that she failed to timely exhaust her contractual remedies. Since we find no error in the District Court decision, we affirm.
 
 
 2
 Ms. Leffler presents four arguments on appeal: (1) Summary judgment was improperly granted because there is a genuine issue of material fact to be resolved; (2) the facts indicate, contrary to the lower court's holding, that Ms. Leffler exhausted her contractual remedies because she requested her union to act when it was still possible to do so; (3) the six-month statute of limitations applicable to her April, 1983 grievance should be equitably tolled where the union, by its actions and express written representations, misled her into a good faith belief that she had satisfied the collective bargaining agreement requirement that grievances be filed within seven days of the underlying dispute; and (4) a grievance filed one day late is not void ab initio.
 
 
 3
 Ms. Leffler's claim against the union dates from April 22, 1983 when her employer, Houser IGA, Inc., refused to allow her to work unless she presented a medical release from her physician permitting her to work without restriction. Ms. Leffler refused to obtain such a release and filed a grievance with her union on April 26, 1983. The union declined to pursue the grievance and that decision was affirmed on appeal to the executive board of the union on or about June 28, 1983.
 
 
 4
 By letter dated July 7, 1983, Ms. Leffler's employer discharged her for failure to supply a doctor's 'restriction free' medical release. Ms. Leffler received the letter on July 11, 1983 but did not protest the firing until eight days later, July 19, 1983, when she wrote a letter to her union requesting reconsideration of her April grievance.[1] She demanded that her 'grievance be reopened and pursued actively.'
 
 
 5
 The union treated this letter as a new grievance and forwarded it to Ms. Leffler's employer. After the employer denied the grievance as being untimely, the union declined to pursue it to arbitration. Ms. Leffler appealed this decision to the executive board and, on November 4, 1983, the board issued its final decision that it would not pursue the second grievance. Ms. Leffler filed this lawsuit on April 12, 1984.
 
 
 6
 Since Ms. Leffler alleged both a breach of the collective bargaining agreement by her employer and a breach of the union's duty of fair representation, her cause of action was subject to a six-month statute of limitations. Del Costello v. International Brotherhood of Teamsters, 462 U.S. 151 (1983). The statute begins to run the date the union takes final action on a grievance. The district court found that the final action dates for Leffler's two grievances were June 28, 1983 and November 4, 1983, respectively. The district court held that the statute of limitations expired as to any claim Ms. Leffler had relating to the June 28, 1983 grievance. In addition, the court held that any Sec. 301 claim Leffler may have had with regard to the November 4, 1983 grievance was barred because of her failure to exhaust her contractural remedies in a timely manner. This holding has reference to article XIV, Sec. 1 of the collective bargaining agreement which provides, in pertinent part:
 
 
 7
 (a) Should any dispute or grievance arise over the interpretation or application of the terms of this agreement, it shall be submitted to the employer in writing within seven days after the occurrence causing such dispute or grievance.
 
 
 8
 * * *
 
 
 9
 * * *
 
 
 10
 (c) The time limit specified in (a) and (b) above may be extended by mutual agreement but shall otherwise be enforced in that the dispute or grievance shall be decided against any employee or party failing to observe the time limits.
 
 
 11
 Ms. Leffler did not comply with the seven-day requirement because her second grievance was filed on July 19, 1983, eight days after she received written notice that she had been terminated on July 7, 1983.
 
 I.
 
 12
 Ms. Leffler asserts that the facts attending the processing of her July 19, 1983 grievance support a conclusion that the seven-day grievance filing period was extended by mutual agreement of Houser's IGA and her union, United Food. Ms. Leffler places particular reliance on a letter dated August 18, 1983 from James Sabo, United Food's business representative to Gene Houser, of Houser's IGA. The letter, in its entirety, stated:
 
 
 13
 This will confirm our understanding of an extension in regards to Katie Leffler's grievance so that she may have the opportunity to appeal to the Executive Board of the Local Union.
 
 
 14
 The district court found that this letter referred to steps in the administrative process beyond the initial seven-day grievance filing period. Ms. Leffler claims there was no need to extend later deadlines if her employer was unwilling to extend the initial seven-day grievance deadline. In addition, she argues, it was the union's decision to treat her letter of July 19, 1983, as a second grievance. Thereafter, and until the Executive Board denied her appeal on November 4, 1983, the union treated her July 19, 1983 letter as a valid grievance. Ms. Leffler asserts that it was only when she asked for a copy of the employer's answer to her grievance that she learned that her grievance was being treated as untimely filed. The sum of the foregoing, Ms. Leffler believes, supports a conclusion that the seven-day filing period was extended by mutual agreement of the union and her employer, rendering summary judgment inappropriate.
 
 
 15
 We agree with the district court that the foregoing facts fail to create an inference that the employer agreed to extend the time period for the filing of a grievance. Thus, there was no genuine issue of material fact left unresolved and the case was appropriate for summary judgment.
 
 II.
 
 16
 The district court found, on reconsideration of the union's motion for summary judgment, that Ms. Leffler failed to exhaust intra-union grievance procedures when she failed to timely file a grievance pertaining to her discharge. Exhaustion of grievance procedure remedies is a prerequisite to maintenance of a cause of action under Sec. 301. Republic Steel Corp v. Maddox, 379 U.S. 650 (1965).
 
 
 17
 Ms. Leffler argues that she exhausted her contractual remedies because the union could have acted on her letter of July 19, 1983, despite the untimeliness of her filing. The flaw in this argument is that the seven-day limitation period for filing grievances was not mutually extended. The district court found that Ms. Leffler offered no evidence of an agreement on the part of the employer to extend the seven-day period and, that without an extension agreement, she failed to exhaust her contractual remedies. The district court correctly determined that Ms. Leffler's failure to timely exhaust her grievance procedures is a bar to a Sec. 301 action.
 
 III.
 
 18
 Ms. Leffler's third argument is that the statute of limitations relating to her April 26, 1983 grievance concerning her employer's requirement that she obtain a medical certificate, should be equitably tolled. The six-month statute of limitation had expired when she filed this action on April 12, 1984. She asserts that she was misled by the union's decision to treat as a new grievance her July 19, 1983 letter in which she complained of her July 7, 1983 firing and, in addition, requested reconsideration of her original April 26, 1983 grievance. She argues that when the union processed her termination grievance, even though untimely filed, she was led to believe that her request for reconsideration of the denial of her original grievance was being entertained as well.
 
 
 19
 Ms. Leffler relies on Price v. Litton Indus., 694 F.2d 963 (4th Cir. 1982) wherein the court, in considering tolling of the statute of limitations in an age discrimination case against an employer, stated:
 
 
 20
 The statute of limitations will not be tolled on the basis of equitable estoppel unless the employee's failure to file in timely fashion is the consequence either of a deliberate design by the employer or of actions that the employer should unmistakeably have understood would cause the employee to delay filing his charge.
 
 
 21
 Price, 694 F.2d at 965.
 
 
 22
 Estoppel requires a representation, to a party without knowledge of the facts and without the means to ascertain them, upon which the party asserting the estoppel justifiably relies in good faith to his detriment. Minnesota Mining & Mfg. Co. v. Blume, 533 F. Supp. 493, 517 (S.D. Ohio 1978), aff'd 684 F.2d 1166 (6th Cir. 1982). The union argues that it made no representations to Ms. Leffler relating to the substantive or procedural aspects of her Sec. 301 action, and that Ms. Leffler knew, or should have known, that she had not timely filed her second grievance.
 
 
 23
 We agree with the union. The facts of this case 'could not reasonably be construed as permitting an equitable estoppel tolling.' Aronsen v. Zellerbach, 662 F.2d 584, 595 (9th Cir. 1981).
 
 IV.
 
 24
 Ms. Leffler's final argument is that a grievance filed one day late is not void ab initio as a matter of law. The argument is plainly without merit. The significance of the untimely filing of Ms. Leffler's grievance letter of July 19, 1983 has been discussed above, and whether the late filing is 'void ab initio' is irrelevant to the issues in this case.
 
 
 25
 The decision of the district court, granting defendant-appellee's motion for summary judgment, is AFFIRMED.
 
 
 
 [1]
 As noted, infra, the collective bargaining agreement required that a grievance must be filed within seven (7) days 'after the occurrence causing [the] dispute or grievance.'